FILED

**NOT FOR PUBLICATION**

JAN 20 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN CARLOS BERNAL ESTEVEZ and SILVA NEOFITA VALERIO, AKA Neofita Valerio, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-72653 <br><br> Agency Nos. A079-532-383 <br> A079-532-384 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]
San Francisco, California

Before: BEEZER, TALLMAN and CALLAHAN, Circuit Judges.

Juan Carlos Bernal Estevez and Neofita Valerio Silva, natives and citizens

of Mexico, petition pro se for review of the decision of the Board of Immigration

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appeals, denying their second motion to reopen, challenging the denial of their underlying cancellation of removal application and seeking to apply for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

Petitioners contend that they are entitled to cancellation relief because their United States citizen children will experience hardship if they return to Mexico and because Neofita Valerio Silva has been diagnosed with major recurrent depression with psychotic symptoms. The BIA did not abuse its discretion in denying petitioners' second motion to reopen as time- and number-barred, and petitioners may not reopen their cancellation of removal claim. *See* 8 U.S.C. §§ 1229a(c)(7)(A) & (C)(1); 8 C.F.R. § 1003.2(b)(2) & (c)(2).

Petitioners also contend that country conditions have changed in Mexico thereby excusing the time and numerical bars to reopening their asylum, withholding, and CAT claims. Petitioners contend that they will be persecuted because they will be perceived as wealthy and potential kidnapping victims because they are Mexicans returning from the United States, thereby entitling them to asylum, withholding, and CAT relief. Petitioners failed to establish that they qualify as a cognizable social group, and therefore did not demonstrate prima facie eligibility for the asylum, and withholding relief requested. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (rejecting as a particular social group "returning Mexicans from the United States"). Petitioners also failed to

establish that it was more likely than not that they would be tortured if returned to Mexico, and thereby they failed to establish prima facie eligibility for CAT protection. *See id.* at 1152.

**PETITION FOR REVIEW DENIED.**